UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT DALE BYRUM and
SUE ANN BYRUM,

        Plaintiffs,

v.                                      File No.  2:04-CV-101

INTERNATIONAL PAPER COMPANY,        HON. ROBERT HOLMES BELL

        Defendant/Third-Party Plaintiff,

v.

SECURITAS SECURITY SERVICES,
USA, INC.,

        Third-Party Defendant.
                                          /

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Third-Party Defendant Securitas Security Services, USA, Inc.'s ("Securitas") motion for summary judgment on the complaint asserted by Third-Party Plaintiff International Paper Company ("International").  International seeks indemnification pursuant to a contract between International and Securitas for costs incurred in defending against the principal suit in this case brought by Plaintiff Robert Dale Byrum, an employee of Securitas, against International.  For the reasons that follow, Securitas' motion for summary judgment is granted.

I.

The relevant facts underlying this case are undisputed. Securitas is an independent contractor that provides security services for International's paper mill located in Quinnesec, Michigan. The relationship between the parties is governed by a contract dated February 15, 2002. The contract specifies that Securitas is an independent contractor and that they "assume[] full responsibility for supervising and directing its own employees." Exhibit 5, attached to International's Mot. Summ. Judg. (Docket #36). The contract also includes an amendment mandating that Securitas indemnify International "against any claim or loss, but only to the extent the claim or loss is caused by Pinkerton's[1] acts or omissions." Exhibit A, Securitas' Mot. Summ. Judg. (Docket #43). International's third-party complaint is based upon this indemnification provision.

The principal cause of action in this case, arose from injuries suffered by Byrum while participating in a firefighting training exercise in the course of his employment as a security guard with Securitas.[2] Because Byrum was injured while in the scope of his employment, he received approximately $70,000 in workers' disability compensation benefits from Securitas. Byrum also filed a negligence action in state court against International claiming that International was both primarily and vicariously liable for his injuries. In response,

---

[1] Securitas is the successor in interest to the rights and obligations of Pinkerton's, Inc., under the contract with International.

[2] The facts underlying Byrum's claim are more fully set forth in the Court's May 19, 2005 Opinion (Docket #47).

International filed a third-party complaint against Securitas for indemnification pursuant to the services contract. Securitas removed the entire action to this Court based upon complete diversity of the parties.

In an opinion dated May 19, 2005, the Court granted summary judgment in favor of International on Byrum's negligence claim, holding that Byrum was barred as a matter of law from asserting a claim of vicarious liability against International under the inherently dangerous activity exception. *See Byrum v. Inter. Paper*, 2:04-CV-101, May 19, 2005 Opinion at 9 (Docket #47). Further, the Court held Byrum failed to establish that International owed him a duty to provide a physical examination prior to his participation in the fire fighting training exercise. *Id.* at 16-17. As such, Byrum failed to establish the elements of a prima facie case of negligence, entitling International to summary judgment.

II.

Summary judgment is appropriate when the record reveals that there are no issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kalamazoo Acquisitions, L.L.C. v. Westfield Ins. Co.*, 395 F.3d 338, 342 (6th Cir. 2005); *Layne v. Bank One, Ky, N.A.*, 395 F.3d 271, 275 (6th Cir. 2005).

The resolution of Securitas' motion is essentially dictated by the Court's previous opinion in this matter. Under the terms of the indemnification provision, International is entitled to indemnification from Securitas only if a claim or loss is caused by Securitas' acts or omissions. In the May 19, 2005 opinion the Court determined that Securitas had a duty

to provide physical evaluations to their employees and that they failed to require that Byrum undergo an evaluation prior to his participation in the training exercise. *Byrum*, 2:04-CV-101, May 19, 2005 Opinion at 10 (Docket #47). While at first glance it appears that this finding by the Court triggers the indemnification provision, International cannot be held vicariously liable for the negligent actions of their independent contractor, Securitas. *Id.* (citing *DeShambo v. Nielsen*, 471 Mich. 27, 684 N.W.2d 332 (2004) (holding that a person who hires an independent contractor is not liable for injuries negligently caused by the contractor)). Thus, International cannot show that they suffered a loss caused by Securitas' actions. Consequently, there is no "claim or loss" caused by Securitas' actions that would trigger the indemnification provision.

Moreover, the Court also determined that International did not owe an independent duty to Byrum to provide him with a medical evaluation prior to his participation in fire fighting training. *Id*. at 16-17. Accordingly, Byrum's negligence claim against International failed. As such, International has not suffered any loss necessitating reimbursement under the indemnification provision. Thus, as a matter of law, Securitas is entitled to summary judgment on International's third-party complaint seeking indemnification. Accordingly,

**IT IS HEREBY ORDERED** that Securitas' motion for summary judgment (Docket #43) is **GRANTED**.

Date:     July 21, 2005                    /s/ Robert Holmes Bell
                                           ROBERT HOLMES BELL
                                           CHIEF UNITED STATES DISTRICT JUDGE